

DA 11-0034

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 218

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JOHN SHANNON FINLEY,

       Defendant and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
                 In and For the County of Lewis and Clark, Cause No. CDC 08-149
                 Honorable Kathy Seeley, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

             Joslyn Hunt, Chief Appellate Defender; Koan Mercer, Assistant Appellate
             Defender, Helena, Montana


       For Appellee:

             Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
             Attorney General, Helena, Montana

             Leo J. Gallagher, Lewis and Clark County Attorney, Helena, Montana


                  Submitted on Briefs:  August 17, 2011
                            Decided:  September 6, 2011


Filed:

_____
                        Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 John Shannon Finley (Finley) entered conditional plea agreements to felony criminal possession of dangerous drugs and misdemeanor criminal possession of drug paraphernalia. Finley reserved his right to appeal the denial of his suppression motion by the First Judicial District Court, Lewis and Clark County. Finley now appeals the court's denial of his motion to suppress evidence seized during a search of an unlocked and open safe found in the bedroom that he shared with his wife during a valid probationary search. We affirm.

¶2 Finley raises two issues on appeal:

¶3 *Did the District Court properly deny Finley's motion to suppress evidence discovered when his wife's probation officer searched an unlocked safe in the couple's bedroom?*

¶4 *Did the District Court incorrectly allocate the burden of proof to Finley?*

FACTUAL AND PROCEDURAL BACKGROUND

¶5 Finley's wife, Deborah, pleaded guilty to felony theft in 2004. A condition of Deborah's suspended sentence provided that "[u]pon reasonable suspicion" her probation officer could search "all places in her residence where [Deborah] has access." Deborah's probation officer received reports in 2008 that Deborah may have been involved in the theft of liquid hydrocodone from her workplace and that Deborah may have been involved in a drug deal. The probation officer arrived at Deborah's workplace, transported Deborah to her home, and searched Deborah's home.

¶6 The probation officer had Finley and others present in the home detained while she conducted an initial safety search. The probation officer discovered marijuana plants

2

growing in the bathroom adjacent to Deborah and Finley's bedroom. The probation officer then conducted a more thorough search during which she discovered an unlocked and open safe in the couple's bedroom. The probation officer discovered marijuana pipes, rolling papers, and several small baggies within the safe. The probation officer then removed a closed drawer within the safe. She found two Ziploc baggies that contained methamphetamine beneath a CD case in the drawer.

¶7 The State of Montana charged Finley for possession of the drugs. Finley filed a motion to suppress the drugs and paraphernalia found in the safe. The District Court concluded that the condition in Deborah's suspended sentence authorized the probation officer to search the unlocked and open safe located in the room that Finley shared with Deborah.

## DISCUSSION

¶8 *Did the District Court properly deny Finley's motion to suppress evidence discovered when his wife's probation officer searched an unlocked safe in the couple's bedroom?*

¶9 Finley does not challenge the legality of the search conducted by Deborah's probation officer pursuant to the probation condition. Finley argues only that the probation officer exceeded the scope of the valid probationary search when the probation officer uncovered the drugs and paraphernalia in the open and unlocked safe located in the couple's bedroom. Finley claims that the probation officer legally could search only those areas to which Deborah had access.

¶10     Finley claims that he did not tell Deborah the safe's combination and did not allow her access to its contents. Finley admits that the probation officer found the safe unlocked and open. He argues, however, that he had opened the safe that morning without closing it after Deborah had departed for her day's work. Finley asserts that he would have secured the safe before Deborah's return, but for the probation officer's detention of him upon the officer's arrival to conduct the search.

¶11     The probation condition in Deborah's suspended sentence provides for a warrantless search of Deborah's residence. The probation condition provides, "[s]hould the defendant reside with other persons, all places in her residence where she has access [are] subject to search, even those private rooms of other persons with whom she resides, unless those rooms are locked and the defendant has no access." Finley acknowledges that he knew of this condition to his wife's probation. Finley asserts that he purchased the combination safe and withheld the combination from Deborah to ensure that his private possessions would not be subject to a probationary search by Deborah's probation officer.

¶12     The State points to a decision by the North Dakota Supreme Court that approved a probationary search that included the opening by force of a locked safe in a bedroom shared by the nonprobationer defendant and the probationer. *State v. Adams,* 788 N.W.2d 619 (N.D. 2010). We need not broadly address that issue, however, because Finley failed to keep the safe closed and locked. Nothing indicated that Deborah did not have access to the unlocked and open safe. The probation officer found the safe in the bedroom that Deborah

4

shared with Finley. The probation officer legally searched the unlocked and open safe pursuant to the valid probationary search.

¶13   *Did the District Court incorrectly allocate the burden of proof to Finley?*

¶14   Finley argues that the District Court incorrectly allocated to him the burden of proof to show the illegality of the search. The State counters that the question of burden of proof need not be decided because "this is not a 'close' case in which the application of a particular burden of proof would affect the outcome." *State v. Dow,* 256 Mont. 126, 133, 844 P.2d 780, 785 (1992). We agree that the court's denial of Finley's suppression motion did not turn on who carried the burden of proof.

¶15   The State searched Finley's home pursuant to a probationary search. The State never obtained a warrant. Warrantless searches inside a home are per se unreasonable. *State v. McLees,* 2000 MT 6, ¶ 10, 298 Mont. 15, 994 P.2d 683. The State bore the burden of establishing that an exception to the warrant requirement justified the search. *State v. Therriault,* 2000 MT 286, ¶ 53, 302 Mont. 189, 14 P.3d 444; *State v. Goetz,* 2008 MT 296, ¶ 40, 345 Mont. 421, 191 P.3d 489.

¶16   Finley conceded the validity of the probationary search of the residence. Finley argues only that the search of the safe exceeded the scope of the authorized probationary search. We have concluded that the probation condition authorized the probation officer's warrantless search of Finley's residence, including the search of the unlocked and open safe.

¶17   Affirmed.

/S/ BRIAN MORRIS


We Concur:


/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON